# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CLARENCE HARRISON, )
)
       Plaintiff, )     C.A. No.: K25C-07-003 NEP
)
     v. )
)
JUDGE SCANLON,[1] JUDGE SPIROS E. )
ANGELOS, MARIA FRANCESCO, ESQ., )
and CAROLINE KEARNS, )
)
       Defendants. )

Submitted: July 3, 2025
Decided: July 25, 2025

## ORDER

*Upon Plaintiff's Application to Proceed in Forma Pauperis*
**GRANTED**

*Upon Court's Consideration of Complaint*
**DISMISSED**

Upon consideration of Plaintiff's complaint and motion to proceed *in forma pauperis*, the Court finds as follows:

**1.** On July 3, 2025, Plaintiff Clarence Harrison ("Plaintiff") filed an application to proceed *in forma pauperis*. The affidavit attached indicated that Plaintiff has limited liquid assets, no present employment, and no income within the last twelve months. The affidavit alleged facts sufficient to convince the Court that

---

[1] Plaintiff does not otherwise identify Judge Scanlon in the complaint, affidavit, or any other document.

Plaintiff is unable to pay the filing costs and Plaintiff's motion to proceed *in forma pauperis* is therefore **GRANTED**.

2. Upon review of Plaintiff's complaint pursuant to 10 *Del. C.* § 8803(b), the Court finds it is legally frivolous. It is therefore **DISMISSED**.

3. The Court views *pro se in forma pauperis* civil suits generously.[2] "All well-pled matters are accepted as true to determine whether . . . [a plaintiff] can recover under any conceivable circumstances susceptible of proof under the complaint."[3] Nonetheless, the Court will not allow itself or prospective defendants "to become the victim[s] of frivolous or malicious claims" that are plainly "subject to a motion to dismiss under Superior Court Civil Rule 12(b)(6) or subject to a defense of immunity or subject to some other defect."[4] After granting an application to proceed *in forma pauperis*, Delaware law requires that the Court dismiss the underlying complaint if it is legally frivolous, factually frivolous, or malicious.[5] "If a complaint fails to state a claim upon which relief may be granted, then it is deemed legally frivolous."[6]

4. The most intelligible claims in Defendant's complaint are those included on its cover page. That page reads, in its entirety, as follows:

> This lawsuit 4s [sic] violations of the Due Process Clause of the United States Constitution, the 14th Amendment to the Untied [sic] States Constitution, and common law negligence. The facts underlying the cause of action were set forth

---

[2] *Parsons v. Dushuttle*, 2019 WL 1131956, at *1 (Del. Super. Mar. 8, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

[3] *Fatir v. Records*, 2023 WL 6622214, at *2 (Del. Super. Oct. 11, 2023) (quoting *Johnson v. Howard*, 1999 WL 743902, at *1 (Del. Aug. 12, 1999)).

[4] *Lee v. Johnson*, 1996 WL 944868, at *1 (Del. Super. June 4, 1996).

[5] *Sanders v. Dep't of Just.*, 2020 WL 1171045, at *1 (Del. Super. Mar. 11, 2020) (citing 10 *Del. C.* § 8803(b)).

[6] *Fatir*, 2023 WL 6622214, at *4 (quoting *Johnson*, 1999 WL 743902, at *1); *Marvel v. State*, 2014 WL 7009516, at *2 (Del. Super. Dec. 8, 2014) (citing *Cannon v. McCreanor*, 2003 WL 943247, at *2 (Del. Super. Mar. 6, 2003)).

[sic] arguing four points cited below verbatim.

(1) The violet [sic] violation of the plaintiff [sic] civil rights not mention;

(2) The plaintiff [sic] rights to the Constitution violated;

(3) mention is the plaintiff [sic] individual rights;

(4) mention is the Fourteenth Amendment to the Constitution.

For reasons set forth [sic]

5. The balance of Plaintiff's complaint is made up of five pages of material seemingly cut and pasted from various sources. None of these sources is cited or given context, and they are not arranged in any order that would render them self-explanatory. Among the snippets of text included in the complaint are an excerpt from what appears to be a judicial opinion (potentially relating to litigation in which Plaintiff was involved, although there is no indication to this effect); documents apparently relating to the Constitutional and professional obligations of judges; the Seventh Amendment to the United States Constitution; and part of Section 1 of the Fourteenth Amendment. Elsewhere, Plaintiff pastes general definitions of "robbery," "theft," "assault," and "assault and battery." The only information self-evidently relating to Plaintiff is the caption "Harrison vs. Smith," which is accompanied by a "file number" and "claim number." Neither is in the format for a Delaware civil case.

6. Plaintiff fails to state a claim on which relief may be granted, and Plaintiff's claim is therefore legally frivolous. Even a *pro se* plaintiff "must, at a minimum, provide the Court with enough information to conduct a meaningful consideration of the merits."[7] "When reviewing a Rule 12(b)(6) motion, 'a trial court must accept as true all of the well-pleaded allegations of fact,' but is not

---

[7] *Brown v. Delaware State Hous. Auth.*, 2024 WL 524550, at *2 (Del. Super. Dec. 30, 2024) (quoting *Harrison v. Hodgson Vocational Tech. High Sch.*, 2007 WL 3112479, at *2 (Del. Super. Oct. 3, 2007)) (therefore dismissing *in forma pauperis* complaint).

3

'required to accept as true conclusory allegations without specific supporting factual allegations.'"[8] Plaintiff has provided the Court with—at best—legal conclusions with no indication of the underlying facts. Other than the cover page, Plaintiff's complaint is most fairly characterized as a jumble of text. This falls short of Plaintiff's duty to put Defendants on fair notice of the claims against them.

7. Further, because Plaintiff brings a claim of negligence, that allegation is held to a higher standard. Negligence claims must comply with Superior Court Civil Rule 9(b), which requires that such claims be pled with particularity.[9] Under Rule 9(b), "a complaint sounding in negligence must 'specify a duty, a breach of duty, who breached the duty, what act or failure to act caused the breach, and the party who acted.'"[10] Plaintiff does not do so.

8. As the Court has already determined that Plaintiff has failed to state a claim on which relief may be granted, it need not evaluate whether Plaintiff's complaint is legally frivolous for any other reason—for instance, due to a lack of jurisdiction or because some of the parties are entitled to immunity.[11]

---

[8] *Page v. Oath Inc.*, 270 A.3d 833, 842 (Del. 2022) (quoting *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006)).

[9] *Murray v. Mason*, 244 A.3d 187, 192 (Del. Super. 2020) (citing *Fox v. Fox*, 729A.2d 825, 827 n.2 (Del. 1999)).

[10] *Bowden v. Pinnacle Rehab. and Health Ctr.*, 2015 WL 1733753, at *2 (Del. Super. Apr. 8, 2015) (quoting *Rinaldi v. Iomega Corp.*, 1999 WL 1442014, at *7 (Del. Super. Sept. 3, 1999)).

[11] The Court does, however, note that putative Defendants Judge Scanlon and Judge Angelos appear to sit in Delaware County, Pennsylvania, and that Maria Francesco's law office is, according to Plaintiff's filing, located in Philadelphia, Pennsylvania.

**WHEREFORE**, in light of the preceding considerations, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** and the complaint is **DISMISSED**.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls
*Via File & ServeXpress and U.S. Mail*
oc:    Prothonotary
       Clarence Harrison, *Pro Se – Via U.S. Mail*